## ELAM v. CARRUTH.

Where the act of an agent, done without the authority of the principal, is ratified, the ratification cannot be divided, and applied to one part of the act and excluded from the other. It is entire or nothing.

APPEAL from the District Court of St. Helena, *Jones*, J. *Elam*, plaintiff, *pro se.* *A. Hennen* and *T. G. Morgan*, on the same side. *Baylies*, for the defendant. *Merrick*, for the intervenor and appellant.

The judgment of the court was pronounced by

EUSTIS, C. J. This is an action on a promissory note for $453 22, drawn by the defendant to the order of *T. G. Davidson*, and by him endorsed in blank. The defence is that, the note was given to the plaintiff to satisfy a judgment which *Berthoud* held against him, the defendant; that the plaintiff, who was at the time *Berthoud's* attorney at law, agreed to enter satisfaction on the judgment, which was not done, and that defendant has since paid said judgment. In this suit, *Berthoud*, the owner of the judgment against the defendant, in satisfaction of which the note is said to have been given, intervenes, and prays that he may have judgment, in the stead of *Elam*, for the amount of the note against the defendant.

The judge of the District Court considered that one-half the note belonged to the plaintiff in his own right, gave judgment to that effect, and the intervenor has appealed. The judge considered that the other half of the note belonged to the intervenor, and had been, by his agent, remitted to the defendant, who has not appealed, but appeared in this court.

It is obvious that, by claiming the note as belonging to him, *Berthoud* ratified its reception by his attorney, the present plaintiff. The discharge of the judgment given by *Elam* to the defendant, was, therefore, valid. When the act of an agent, done without the authority of the principal, is *ratified*, the ratification cannot be divided and applied to one part of the act and excluded from the other; it is entire or nothing.

It is equally clear that the offer of *Bailey*, *Berthoud's* agent, for *Elam's* compensation, did not relate exclusively to his professional services; nor did *Elam* agree to make his compensation *dependent* on the event of any suit, or to take any part of the property in litigation. The letter of *Bailey* was an offer on his part, and the district judge may well have considered it a safe guide for a compensation, *ex æquo et bono*, for a troublesome and complicated law suit, in which the labor and time of the plaintiff had been expended, and have allowed him the sum of $226 61, and interest from the time of the termination of the litigation. The intervenor says this allowance is excessive. We do not understand that the fact of the services is drawn in question, and have no evidence before us of the excess of the charge. On the contrary, a subsequent letter from the agent of the intervenor to the plaintiff, fortifies the justice of his claim, which we see no good reason to prevent him from recovering from the succession of *Carruth*, in the form of the present judgment, particularly as the defendant has made no plea or objection as to the division of the debt. We determine this case independently of the validity of any agreement which *Elam* is supposed to have made for his fee, because no such agreement is proved.

ELAM
v.
CARRUTH.

The judgment of the District Court is therefore affirmed, so far as relates to the judgment in favor of the plaintiff against the defendant, the succession of J. J. Carruth; and it is further ordered that the intervenor, *Nicholas Berthoud*, recover from said succession the sum of two hundred and twenty-six dollars sixty-one cents, with five per cent interest per annum from the 26th of August, 1841, with costs; and that the said succession pay the costs of this appeal.